IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MAURICE JOHNSON,

    Plaintiff,

v.                                              No. 1:16-cv-01271-JDB-cgc

TENNESSEE DEPARTMENT OF CORRECTION,
*et al.*,

    Defendants.

---

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

---

INTRODUCTION AND PROCEDURAL HISTORY

On October 14, 2016, the *pro se* Plaintiff, Maurice Johnson, who at the time of filing was incarcerated at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, initiated this action pursuant to 42 U.S.C. § 1983 against the Defendants, Tennessee Department of Correction ("TDOC"), Corrections Corporation of America ("CCA"),[1] WCF, Dr. First Name Unknown ("FNU") Dietz, Clinical Nurse Supervisor Mrs. FNU Raborn, and Nurse Practitioner Mrs. FNU Doaks-Robertson.[2] (Docket Entry ("D.E.") 1.) He also moved for leave to proceed *in forma pauperis* (D.E. 2), which was granted in an order entered October 17, 2016 (D.E. 4). The complaint is now before the Court for screening.

---

[1]CCA, according to its website, is now known as CoreCivic. *See* www.corecivic.com.

[2]Initially, this matter was assigned to United States District Judge James D. Todd. The case was reassigned to the undersigned on February 28, 2018, pursuant to Administrative Order 2018-09. (D.E. 5.)

FACTS ALLEGED

Johnson avers that, on April 24, 2015, he sought treatment from WCF medical staff for an infected area on the back of his head caused by contact with dirty hair clippers. Plaintiff alleges that he was examined by Doaks-Robertson during this initial visit but there is no description in the complaint of the type of treatment he received. He returned to the clinic on June 3, 2016,[3] after his condition worsened, and was treated with topical ointment and creams. When these treatments failed to resolve the issue, he made a third visit to the clinic on June 27, 2016, and was advised by Dr. Dietz that "he did not think that there was a need for treatment." (Compl., D.E. 1, at PageID 5.) The inmate contended in a TDOC grievance that the infection spread, his pillow was "filled with blood," and he was unable to sleep on his back due to pain. (Grievance No. 303909/21331, D.E. 1-1, at PageID 13.) Johnson seeks damages and injunctive relief for violation of the Eighth and Fourteenth Amendments.

SCREENING STANDARD

Courts are required to screen prisoner complaints and dismiss a complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To assess whether the complaint states a claim, courts are to apply the pleadings standards under Federal Rule of Civil Procedure 12(b)(6) as announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "To survive scrutiny under [§§ 1915(e)(2)(B) and 1915A(b)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Walton v. Gray*, 695

---

[3] It is unclear from the record before the Court whether there was a fourteen-month gap between Plaintiff's first and second visits to the WCF medical clinic for his injury, or if he may in fact sought initial treatment in April 2016.

F. App'x 144, 145 (6th Cir. 2017) (per curiam) (quoting *Hill*, 630 F.3d at 471) (internal quotation marks omitted). "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). That said, courts have not "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

PLAINTIFF'S CLAIMS AND ANALYSIS

*Section 1983 Generally*

Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To state a claim under the statute, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Thornton v. City of Columbus*, 727 F. App'x 829, 833 (6th Cir. 2018) (quoting *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013)). The Court will address Plaintiff's § 1983 claims separately as to each Defendant or group of Defendants as it deems appropriate.

*TDOC and WCF*

Johnson's claims against TDOC and WCF are construed as claims against the State of Tennessee. It is well-settled that a plaintiff cannot sue the State of Tennessee under § 1983. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The amendment has been interpreted to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987) (collecting cases). By its terms, the Eleventh Amendment bars all suits against states, regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). "A State may waive its sovereign immunity at its pleasure . . . and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) (citation and footnote omitted). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a).[4] Moreover, "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Accordingly, Plaintiff's claims against the State of Tennessee are DISMISSED.

CCA

"[P]rivate corporations performing traditional state functions, such as the provision of medical services to prison inmates, act under color of state law for purposes of § 1983." *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015), *reh'g en banc denied* (Dec. 21, 2015). The Sixth Circuit has applied the standards for assessing municipal liability to claims against such entities. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011); *Little v. Corr.*

---

[4]The statute provides in pertinent part that "[n]o court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property[.]" Tenn. Code Ann. § 20-13-102(a).

4

*Corp. of Am.*, 103 F. App'x 898, 900 (6th Cir. 2004) (per curiam).  Municipal liability is imposed only where action pursuant to an official policy caused the plaintiff's injury.  *Connick v. Thompson*, 563 U.S. 51, 60 (2011).  Official policy encompasses the acts of "policymaking officials[] and practices so persistent and widespread as to practically have the force of law."  *Id.* at 61.  "These are actions for which the [entity] is actually responsible."  *Id.* (internal quotation marks omitted).  Liability does not attach based solely on a theory of *respondeat superior*.  *Braswell*, 419 F. App'x at 627.  To prevail on a § 1983 claim against CCA, the Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights.  *See id.*

Johnson neither makes allegations against nor seeks relief from this Defendant.  Thus, as Plaintiff has failed to state a claim against it, CCA is DISMISSED as a Defendant in this matter.

*Raborn*

As alluded to in the previous section, "[§] 1983 liability must be premised on more than mere *respondeat superior*, the right to control one's employees."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claim under § 1983 against an individual requires that the plaintiff "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *Williams v. Daley*, Civil Action No. 18-55-DLB, 2018 WL 1937339, at *2 (E.D. Ky. Apr. 24, 2018).  A supervisor may be liable if she "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of [an] offending subordinate."  *Howard v. Knox Cty., Tenn.*, 695 F. App'x 107, 113 (6th Cir. 2017).

Johnson's only allegation against Defendant Raborn is that she was the clinical nurse supervisor at WCF and was generally responsible for providing medical care to prisoners.  In light of his failure to allege individual action on the part of this Defendant, Plaintiff's claim against her

5

is DISMISSED.

### Dr. Dietz and Doaks-Robertson

The Eighth Amendment prohibits the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishment Clause of the Eighth Amendment, and is made applicable to convicted state prisoners . . . by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "[B]ecause only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege deliberate indifference to his serious medical needs[.]" *Rhinehart v. Scutt*, ___ F.3d ___, 2018 WL 3150944, at *9 (6th Cir. June 28, 2018) (emphasis, citation, and internal quotation marks omitted). "Thus, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind." *Id.* (alterations, citations, and internal quotation marks omitted).

Deliberate indifference claims are made up of objective and subjective components. *Newberry v. Melton*, 726 F. App'x 290, 294 (6th Cir. 2018). The former calls for a showing that the "medical need at issue is sufficiently serious." *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal quotation marks omitted), *reh'g en banc denied* (May 17, 2018). Therefore, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (quoting *Farmer*, 511 U.S. at 834). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citing *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)) (emphasis and internal quotation marks omitted).

Plaintiff contends that he suffered an injury to the back of his head which caused his pillow to fill with blood and prevented him from sleeping on his back due to pain. Taking these allegations in the light most favorable to Johnson, the Court finds that he has sufficiently alleged an objectively serious medical condition.

The subjective component requires a showing "that each defendant acted with a mental state equivalent to criminal recklessness." *Rhinehart*, 2018 WL 3150944, at *10 (internal quotation marks omitted). Each defendant must have "subjectively perceived facts from which to infer substantial risk to the prisoner, that he [or she] did in fact draw the inference, and that he [or she] then disregarded that risk by failing to take reasonable measures to abate it." *Id.* (internal quotation marks omitted). "A doctor's errors in medical judgment or other negligent behavior" will not meet this standard. *Id.*

First, Johnson's allegations fail to show that Doaks-Robertson was deliberately indifferent to his medical needs. The inmate alleges that he was seen by her and that he returned for additional treatment at a later date. There is no averment she was aware that the care she provided was deliberately indifferent or that some other type of treatment was required. *See Rouster v. Cty. Of Saginaw*, 749 F.3d 437, 449 (6th Cir. 2014) (stating that "failure to follow best medical practices [was] not necessarily evidence of deliberate indifference if [the defendant] did not *know*" the injury "was caused by a serious ailment" or was not trained "to understand the significance of the symptoms"). Second, the allegations against Dr. Dietz are similarly short on facts regarding the treatment provided and his assessment of the injury. *See Jones v. Muskegon Cty.*, 625 F.3d 935, 945 (6th Cir. 2010) ("Generally, courts find deliberate indifference where there is evidence tending to establish that the physician is present while the inmate is in distress, that distress is communicated to the physician, and the physician purposefully ignores the distress knowing that

an adverse outcome is likely to occur."). While Johnson alleges that his pillow filled with blood at night and he could not sleep on his back due to pain, he does not assert that he relayed this information to Dr. Dietz. The conclusory allegations that the physician knew about the issue and failed to diagnose the cause sound in negligence or medical malpractice, neither of which suffices to make out a § 1983 claim. As Plaintiff has failed to sufficiently allege the subjective component of his Eighth Amendment claim, it is DISMISSED.

## LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act, Pub. L. No. 104-34, 110 Stat. 1321 (1996). *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The gravamen of the inmate's complaint is that Defendants were deliberately indifferent to a serious medical need. The Court finds it appropriate to provide him an opportunity to properly assert those claims and, therefore, grants leave to amend the complaint. In doing so, the Court cautions Plaintiff that service of process cannot be made on an unknown party and the filing of a complaint against an unnamed defendant does not toll the running of the statute of limitations against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

## CONCLUSION

The complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is GRANTED. Johnson must file his amended complaint within thirty days from the entry-date of this order. He is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to prior pleadings. The text of the complaint must allege sufficient facts to support each

claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended pleading and must be attached to the complaint.  All claims alleged in the amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and identify each defendant sued in that count.  If Johnson fails to timely file an amended complaint, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.  In addition, Plaintiff is reminded that he must promptly notify the Clerk of Court in writing of any change of address, transfer to another facility, release from custody, or extended absence.

      IT IS SO ORDERED this 23rd day of July 2018.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE