IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MAURICE JOHNSON,

     Plaintiff,

v.                                                                    No. 1:16-cv-01271-JDB-cgc

TENNESSEE DEPARTMENT OF CORRECTION,
*et al.*,

     Defendants.

---

## ORDER GRANTING EXTENSION OF TIME TO AMEND COMPLAINT AND DENYING HIS REQUEST FOR APPOINTMENT OF COUNSEL

---

Before the Court is the motion of pro se Plaintiff, Maurice Johnson, for extension of time to amend his complaint and to appoint counsel. (Docket Entry ("D.E.") 7.) Johnson filed this action on October 14, 2016, alleging infringement of his constitutional rights under 42 U.S.C. § 1983. (D.E. 1.) The Court dismissed the claims without prejudice pursuant to the screening standards under 28 U.S.C. 1915. (D.E. 6.)

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citation omitted); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit." (citation omitted)).

> "Appointment of counsel in a civil case . . . . is a privilege that is justified only by exceptional circumstances. . . ." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987) . . . . This generally involves

a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

> Appointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. . . .

*Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted) (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)).

At this stage of the proceedings, Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel. Nothing in his filing serves to distinguish this case from the many other cases filed by *pro se* litigants who are not trained attorneys and who may have limited access to legal materials. Therefore, Johnson's request for the appointment of counsel is DENIED.

Plaintiff's motion for extension of time is GRANTED. He shall have 30 days in which to amend his complaint. Plaintiff is reminded to adhere to the conditions surrounding the requirements of timely filing an amended complaint set forth in the Court's previous order. (D.E. 6.)

IT IS SO ORDERED this 23rd day of August 2018.

s/ J. DANIEL BREEN
U.S. DISTRICT JUDGE