IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MAURICE JOHNSON,

    Plaintiff,

v.                                                                  No. 1:16-cv-01271-JDB-cgc

TENNESSEE DEPARTMENT OF CORRECTION,
*et al.*,

    Defendants.

---

ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT, DENYING HIS REQUEST FOR COURT TO PROVIDE HIM WITH LEGAL ADVICE, AND CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

---

Before the Court is a letter written by Plaintiff, Maurice Johnson, requesting that the Court advise him on how to proceed in his lawsuit and alleging that Defendants have withheld his medical records. (Docket Entry ("D.E.") 13.) The Court dismissed Johnson's complaint without prejudice on July 23, 2018, (D.E. 6), and has twice granted him extensions of time to refile the complaint in accordance with that dismissal, (D.E. 8, 12.)

The Court construes Johnson's assertions that the staff at the Whiteville Correctional Facility is preventing him from viewing his medical records as an amendment to his complaint. These new claims fail to correct the flaws in the original complaint as outlined in the original dismissal. (D.E. 6.) For this reason, Plaintiff's amended complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

To the extent Plaintiff asks the Court for legal advice, this request is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one.

*Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Johnson would not be taken in good faith.

IT IS SO ORDERED this 23rd day of October 2018.

                                           s/ J. DANIEL BREEN
                                           UNITED STATES DISTRICT JUDGE